**O**

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REINHARD A. TIEFENTHALER et al., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK NA et al., <br><br> Defendants. | Case No. ED CV 10-01722 DDP (OPx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> [Motion filed on May 31, 2011 Term. Dkt. Nos. 26, 28, and 32] |

This matter comes before the court on a Motion to Dismiss filed by Wells Fargo Bank, N.A. successor in interest by merger with Wachovia Mortgage, FSB and NDEX West L.L.C ("Defendants"). After reviewing the materials submitted by the parties and considering the arguments therein, the court GRANTS the motion and adopts the following Order.

**I.  BACKGROUND**

On October 2, 2008, Plaintiffs Reinhard and Margaret Tiefenthaler ("Plaintiffs") obtained a loan from Wachovia, secured by a deed of trust against the subject property at 1309 E. Country Club Blvd., Big Bear City, California 92314 (the "Property"). (Wachovia's Request For Judicial Notice in Support of Motion to

Dismiss ("RJN"), Ex. A.) Plaintiffs defaulted on their loan, so a notice of default was recorded on June 29, 2010. (RJN, Ex. B.) On October 4, 2010, a Notice of Trustee's Sale was recorded noticing a trustee's sale on October 26, 2010. (RJN, Ex. C.) On October 5, 2010, Plaintiffs brought suit against Defendants in state court, seeking to enjoin the foreclosure sale, damages for alleged fraud, and declaratory relief. (Complaint ("Compl.") ¶¶ 66, 67, 78.) On October 26, 2010, the Trustee's Sale took place and the property was sold. (RJN, Ex. D.) On November 8, 2010, Defendants removed the present action to this court based on diversity jurisdiction. (Notice of Removal ¶ 2.) After removal, Defendants moved to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(6), 8, and 9(b). (Dkt. No. 7.) This court granted the motion with leave to amend. (Dkt. No. 21.) On May 12, 2011, Plaintiffs filed their first amended complaint ("FAC"). (Dkt. No. 24.)

## II. LEGAL STANDARD

Under the Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss for failure to state a claim, "all allegations of material fact are accepted as true and should be construed in the light most favorable to [the] plaintiff." Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."

Id. Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief" (internal quotation marks omitted)).

**III. DISCUSSION**

 **A. Rule 8**

 Defendants seek to dismiss Plaintiffs' claims for failure to comply with the pleading requirements under the Federal Rules of Civil Procedure. Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000). It is well settled, for example, that a pleading may not simply allege a wrong has been committed and demand relief, but rather, must give "fair notice" of the claim being asserted and the "grounds upon which it rests." Yamaguchi v. United States Dept. Of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997).

 Here, even construing all allegations of material fact in Plaintiffs' favor, Plaintiffs' causes of action do not satisfy the minimal notice pleading requirements of Rule 8. Plaintiffs' FAC lists statutes and definitions in support of their claims. (FAC ¶¶ 9-28.) However, Plaintiffs have failed to identify any specific

facts underlying Plaintiffs' allegations as to the various statutory provisions pursuant to which Plaintiff bring suit. In particular, Plaintiffs do not identify any particular conduct by Wachovia that violates the statutory provisions. A mere recitation of statutes and legal definitions does not constitute a claim. Such pleading does not give Defendants fair notice of the claim and the grounds upon which it rests. Vague allegations and mere labels and conclusions are insufficient to withstand a motion to dismiss. See Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 553-55 (2007). Accordingly, Plaintiffs' claims are dismissed for failure to state a claim upon which relief may be granted.

**B. Preemption**

Defendants next argue that the Home Owners' Loan Act of 1933, 12 U.S.C. § 1461 et seq.("HOLA")and regulations promulgated by the Treasury Department's Office of Thrift Supervision ("OTS"), 12 C.F.R. § 560, preempt Plaintiffs' state law claims. (Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, ("Def.'s Motion") 4: 5-12.) Pursuant to HOLA, OTS is authorized "to prescribe a nationwide system of operation, supervision, and regulation which would apply to federal [savings] associations." Glendale Fed. Sav. & Loan Ass'n v. Fox, 459 F. Supp. 903, 909 (C.D. Cal. 1978). Acting under such authority, OTS promulgated 12 C.F.R. § 560.2(b), which provides for preemption of state laws that impose upon federal savings banks any requirements regarding "terms of credit, . . . [d]isclosure and advertising, . . . [or][p]rocessing, origination, servicing, sale or purchase of . . . mortgages." 12 C.F.R. § 560.2(b)(4,9-10).

4

In Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001 (9th Cir. 2008), the Ninth Circuit described HOLA as "so pervasive as to leave no room for state regulatory control." Id. at 1004-1005 (internal citation omitted). The court explained that "because there has been a history of significant federal presence in national banking, the presumption against preemption of state law is inapplicable" in the banking context. Id. at 1004-1005 (internal citation omitted). In Silvas, the plaintiffs brought several claims under California's Unfair Competition Law ("UCL") related to a mortgage. Id. at 1003. The Silvas court held that because plaintiffs' claims were "entirely based on [Defendant's] disclosures and advertising," the claims "[fell] within the specific type of law listed in § 560.2(b)(9)," and were therefore preempted. Id. at 1006 (emphasis in original).

Here, Plaintiffs allege: "All of the Defendants have involved themselves in a conspiracy . . . [by] listing a non-beneficiary as beneficiary, using a State Notary to attest to signatures on different dates than the actual date of the signing of documents in different counties than the county where the document [sic] were signed, by claiming money was loaned when in actuality, assets were exchanged." (FAC 1: 26-28 - 2: 1-4.) Furthermore, Plaintiffs allege that Defendants do not have the right to foreclose on Plaintiffs' property, are not the real parties in interest, and breached their agreement to loan money. (See FAC ¶ 7.) Defendants argue that Plaintiffs' allegations trigger one or more of HOLA's regulations because they relate to lending, processing, and servicing policies of federal savings banks and their successors

and are therefore preempted. (Def.'s Motion 8: 13-15.) The court agrees.

The court finds a comparison with <u>Rivera v. Wachovia Bank</u>, instructive. <u>Rivera v. Wachovia Bank</u>, No. 09-0433, 2009 WL 2406301 (S.D. Cal. Aug. 4, 2009). In <u>Rivera</u>, the court found that plaintiff's allegations that Wachovia induced him to sign loan documents without adequate disclosures in regard to the interest rate and its adjustment over time in violation of state law were expressly the type of lending activity regulations Congress sought to preempt. <u>Rivera</u>, 2009 WL 2406301 at *2. Similarly, in <u>Andrade v. Wachovia Mortgage</u>, the court ruled that the plaintiff's state law based fraud, injunctive relief, and quiet title claims were expressly preempted by HOLA. <u>Andrade v. Wachovia Mortgage</u>, 2009 WL 1111182, No. 09-0377 (S.D. Cal. April 21, 2009). The <u>Andrade</u> court reasoning that:

> Plaintiff's allegations revolve entirely around the "processing, origination, [and] servicing" of the Plaintiff's mortgage, including the "terms of credit" offered, the "loan-related fees" charged, and the adequacy of disclosures made by Defendants in soliciting and settling the loan. 12 C.F.R. § 560.2(b)(4), (9), (10). Because the state laws on which Plaintiff relies, as applied, would regulate lending activities expressly contemplated by § 560.2(b), the claims are preempted.

<u>Andrade</u>, 2009 WL 1111182 at *3.

In the present action, Plaintiffs' claims are difficult to discern and are not pled with particularity. However, it appears that Plaintiffs broadly assert that Defendants engaged in fraud in the initial disclosure, origination, and servicing of Plaintiffs' mortgage. In support of their claims, Plaintiffs cite the UCL §

6

17200, which appears to be the entire grounds for related relief. The court must resolves any doubt in favor of preemption. <u>Weiss v. Washington Mutual Bank</u>, 147 Cal. App. 4th 72, 77 (2007). To the extent that Plaintiffs' state law claims for fraud relate to the "processing," "disclosure," "origination," and/or "sale or purchase of" their mortgage, they are preempted and therefore dismissed. 12 C.F.R. § 560.2(b)(10).

**C. Declaratory Relief**

Defendants move to dismiss any declaratory relief based on the failure to identify specific grounds for relief. Plaintiffs seek a determination of whether Defendants have a right to a non-judicial foreclosure action and whether false documents were used. (FAC ¶ 7.) Plaintiffs' declaratory relief is subject to the provisions of the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, which permits a district court to hear declaratory actions. The DJA is procedural only. <u>Aetna Life Ins. Co. of Hartford, Conn. V. Haworth</u>, 300 U.S. 227, 240. Furthermore, a DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." <u>American States Ins. Co. v. Kearns</u>, 15 F.3d 142, 143-44 (9th Cir. 1994). Here, as discussed in relation to the various causes brought by Plaintiffs, the court is not persuaded that there is an actual controversy, and accordingly Defendants' motion to dismiss Plaintiffs' request for declaratory relief is granted.

**D. Tender**

"When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to

maintain any cause of action for wrongful foreclosure." Alicea v. GE Money Bank, 2009 WL 2136969 *3 (N.D. Cal. July 16, 2009). In order to enjoin or set aside a foreclosure sale, the debtor must make a valid and viable tender of the indebtedness. Id. (citing Karlsen v. American Savings & Loan Ass'n, 15 Cal. App. 3d 122, 117 (1971)). A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust. The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. Lopez v. Chase Home Fin. LLC, No. 09-0449, 2009 WL 981676 at *5 (E.D. Cal. Apr. 9, 2009). Thus even if notices were deficient, Plaintiffs' failure to plead tender of the indebtedness eliminates a challenge to the foreclosure process. In fact, a complaint that does not allege such a tender does not state a cause of action. McElroy v. Chase Manhattan Mortgage Corp., 134 Cal. App. 4th 388 (2005).

As noted above, Plaintiffs' claims are difficult to discern and are not pled with particularity. Here, because it appears that Plaintiffs have failed to tender, which is a condition preccedent to any claim for wrongful foreclosure, the court grants Defendants' motion.

**E. Fraud**

Defendants also move to dismiss Plaintiffs' fraud claims on the grounds that the claims are not pled with the specificity required by Rule 9(b). Fed. R. Civ. P. 9(b). The Ninth Circuit has held that "when averments of fraud are made, the circumstances constituting the alleged fraud" must "be specific enough to give

defendants notice of the particular misconduct," thereby enabling them to "defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted). Therefore, averments of fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted)). In their FAC, Plaintiffs do not allege that Defendants made any specific misrepresentations that induced them to enter into the loan transaction. Rather, Plaintiffs assert general allegations without any specification of misconduct. (FAC 1:26-28, 2:1-4.) These allegations are not pleaded with sufficient particularity to satisfy Rule 9(b). Therefore, Defendants are entitled to dismissal of Plaintiffs' fraud claims on the grounds that the claims are not pled with the specificity required by Rule 9(b).

Moreover Plaintiffs assert that "[a]ll of the Defendants have involved themselves in a conspiracy." (FAC 1.) Conspiracy is a legal doctrine that only operates where an actual tort has been committed. Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 511 (1994). Under California law, there is no separate and distinct cause of action for civil conspiracy. Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1228 (9 th Cir. 1997).

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss without prejudice. Plaintiffs shall file a third amended complaint on or before August 19, 2011. Plaintiffs' Request for Void Judgment Pursuant to FRCP 60 B(4) (Dkt. No. 28) is VACATED as moot, and Plaintiffs' Petition to Postpone Ruling on Motion (Dkt. No. 32) is DENIED.

IT IS SO ORDERED.

Dated: July 19, 2011

DEAN D. PREGERSON
United States District Judge