O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REINHARD A. TIEFENTHALER; MARGARET E. TIEFENTHALER, | ) ) ) | Case No. EDCV 10-01722 DDP (OPx) |
| Plaintiffs, | ) ) | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | ) ) | |
| WELLS FARGO BANK NA; NDeX WEST LLC, | ) ) ) | [Docket Nos. 37 & 39] |
| Defendants. | ) ) | |
| _____ | ) | |

    This matter comes before the court on a motion to dismiss filed by Defendant Wells Fargo Bank, N.A., successor in interest by merger with Wachovia Mortgage, FSB.  Defendant NDeX West LLC has joined in the motion.  After reviewing the materials submitted by the parties and considering the arguments therein, the court GRANTS the motion and adopts the following order.

**I.    BACKGROUND**

    On April 2, 2008, Plaintiffs Reinhard and Margaret Tiefenthaler obtained a loan from Wachovia, secured by a deed of trust against the subject property at 1309 E. Country Club Blvd., Big Bear City, CA 92314 ("Property").  (Wachovia's Req. for

Judicial Notice in Supp. of Mot. to Dismiss ("RJN"), Ex. A.) Plaintiffs defaulted on their loan, so a notice of default was recorded on June 29, 2010. (RJN, Ex. B.) On October 4, 2010, a Notice of Trustee's Sale was recorded, noticing a sale on October 26, 2010. (RJN, Ex. C.) On October 5, 2010, Plaintiffs brought suit against Defendants in state court, seeking to enjoin the foreclosure sale, damages for alleged fraud, and declaratory relief. (Compl. 1:20-21 & ¶¶ 15, 61.) On October 26, 2010, the trustee's sale took place and the property was sold. (RJN, Ex. D.) On November 8, 2010, Defendants removed the action to federal court, based on diversity jurisdiction. (Notice of Removal ¶ 2.)

Defendants then moved to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(6), 8, and 9(b). (Dkt. No. 7.) The court granted the motion with leave to amend. (Dkt. No. 21.) On May 12, 2011, Plaintiffs filed their first amended complaint ("FAC"). (Dkt. No. 24.) Defendants again moved to dismiss Plaintiffs' complaint, under the same Federal Rules. (Dkt. No. 26.) The court once more granted the motion with leave to amend. (Dkt. No. 35.) Plaintiffs then filed a second amended complaint ("SAC"), on August 18, 2011.[1] (Dkt. 36.)

**II.  LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss for failure to state a

---

[1] The complaint is labeled "Third Amended Complaint," in accord with the court's prior order. The order was mistaken. This is the third complaint, but only the second amended complaint.

1  claim, "all allegations of material fact are accepted as true and
2  should be construed in the light most favorable to [the]
3  plaintiff."  Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).
4     In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), the
5  Supreme Court explained that a court considering a 12(b)(6) motion
6  should first "identify[] pleadings that, because they are no more
7  than conclusions, are not entitled to the assumption of truth."
8  Id.  Next, the court should identify the complaint's "well-pleaded
9  factual allegations, . . . assume their veracity and then determine
10 whether they plausibly give rise to an entitlement to relief."
11 Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th
12 Cir. 2009) ("In sum, for a complaint to survive a motion to
13 dismiss, the non-conclusory factual content, and reasonable
14 inferences from that content, must be plausibly suggestive of a
15 claim entitling the plaintiff to relief."  (internal quotation
16 marks omitted)).

**II. DISCUSSION**

18     Defendants seek to dismiss Plaintiffs' claims for, among other
19 things, failure to comply with the pleading requirements under the
20 Federal Rules of Civil Procedure.  Rule 8 requires a plaintiff to
21 "plead a short and plain statement of the elements of his or her
22 claim, identifying the transaction or occurrence giving rise to the
23 claim and the elements of the prima facie case."  Bautista v. L.A.
24 County, 216 F.3d 837, 840 (9th Cir. 2000).  It is well settled, for
25 example, that a pleading may not simply allege a wrong has been
26 committed and demand relief, but rather, must give "fair notice" of
27 the claim being asserted and the "grounds upon which it rests."
28

<u>Yamaguchi v. U.S. Dep't of the Air Force</u>, 109 F.3d 1475, 1481 (9th Cir. 1997).

Here, even construing all allegations of material fact in Plaintiffs' favor, their causes of action do not satisfy the minimal notice pleading requirements of Rule 8. Indeed, Plaintiffs' second amended complaint is largely identical to its first amended complaint, which the court dismissed pursuant to Rule 8. As the court previously explained, Plaintiffs list statutes and definitions in support of their claims, but fail to identify any specific facts underlying these allegations. The second amended complaint adds no new facts; it simply lists additional claims and makes vague allegations, insufficient to withstand a motion to dismiss. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 553-55 (2007).

Defendants also move to dismiss Plaintiffs' fraud claims on the grounds that the claims are not pled with the specificity required by Rule 9(b). The Ninth Circuit has held that "when averments of fraud are made, the circumstances constituting the alleged fraud" must "be specific enough to give defendants notice of the particular misconduct," thereby enabling them to "defend against the charge and not just deny that they have done anything wrong." <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted). Therefore, averments of fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." <u>Id.</u> (quoting <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir. 1997)).

In their second amended complaint, Plaintiffs allege only that Defendants "induced them to sign loan documents through inadequate

4

disclosures, misrepresentation about [Plaintiffs'] ability to pay, and promises of readily available refinancing options." (SAC, 2:4-8.) Again, these allegations are not pled with sufficient particularity to satisfy Rule 9(b), and Defendants are therefore entitled to dismissal of Plaintiffs' fraud claims on this ground.

A pro se litigant should be given leave to amend his complaint unless it is absolutely clear that no amendment could cure the deficiencies of the complaint." Hubbard v. Bank of America, No. 10-3094, 2011 WL 2470021 (D. Or. Apr. 21, 2011) (citing Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam)). Here, the court has twice dismissed Plaintiffs' claims with leave to amend, providing substantial guidance on the corrections needed to address the Rule 8 and 9(b) deficiencies. Plaintiffs, however, have failed to allege any additional facts in their two, nearly identical, amended complaints. The court is therefore convinced that Plaintiffs are unwilling or unable to amend their complaint to cure these deficiencies.[2]

**III. CONCLUSION**

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss with prejudice.

IT IS SO ORDERED.


Dated: October 27, 2011

DEAN D. PREGERSON
United States District Judge

---

[2] Defendants also make a number of more substantive arguments for dismissal. Because the court dismisses Plaintiffs' second amended complaint on the above grounds, it is unnecessary to address Defendants' additional arguments.

5